UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCIOUS CONWAY,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.
_____/

Case No. 2:25-cv-10517

HONORABLE STEPHEN J. MURPHY, III

LUCIOUS CONWAY,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.
_____/

Case No. 2:25-cv-11889

HONORABLE STEPHEN J. MURPHY, III

## ORDER CONSOLIDATING CASES

Before the Court are two actions involving the same plaintiff and two of the same defendants, centered around the same incident. In the earlier-filed case, Plaintiff Lucious Conway sued the City of Detroit and the Detroit Police Department after the City denied Plaintiff's application for a license to purchase a firearm. In the later-filed case, Conway sued the City of Detroit, the Detroit Police Department, and Detroit Police Officer Eshad Ali. *Compare Conway v. City of Detroit*, Case No. 2:25-cv-10517, ECF No. 1 (E.D. Mich. Feb. 21, 2025) (Murphy, J.), *with Conway v. City of Detroit*, Case No. 2:25-cv-11889, ECF No. 1 (E.D. Mich. June 19, 2025) (Murphy, J.).

1

The latter case was reassigned to the Court as a companion matter on October 15, 2025. *Conway v. City of Detroit*, Case No. 2:25-cv-11889, ECF No. 13 (E.D. Mich. Oct. 15, 2025) (Murphy, J.).

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court, and the court's decision is reviewed for abuse of discretion." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Id.* When deciding whether to consolidate, the Court "must consider" several factors:

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C.*, 451 F. Supp. 3d 769, 793 (E.D. Mich. 2020) (quoting *Cantrell*, 999 F.2d at 1011).

The two cases in the caption satisfy the criteria for consolidation because they involve common questions of law and fact. Both complaints concern the City's denial of Plaintiff's application for a license to purchase a firearm from February 2025. The latter case names a new defendant, Officer Ali, and includes additional allegations related to his failure to activate his body-worn camera equipment. *Conway v. City of Detroit*, Case No. 2:25-cv-11889, ECF No. 1, PageID.3–4 (E.D. Mich. June 19, 2025) (Murphy, J.). Shared rather than individual issues predominate, so there is little risk

2

for confusion. *See Innovation Ventures,* 451 F. Supp at 794. The risk for prejudice resulting from consolidation is likewise low because the earlier-filed case is still in discovery and the dispositive motion cutoff is more than a month away. Consolidation can only increase the speedy and efficacious administration of justice for all claims because the discovery and evidence already taken in the first case will overlap with the information and evidence that will be relevant for discovery purposes in the second case. The factors thus counsel in favor of deciding the claims as a single case. Accordingly, the Court will order the Clerk of Court to consolidate the cases.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of Court must **CONSOLIDATE** *Conway v. City of Detroit*, Case No. 2:25-cv-11889 (E.D. Mich. June 19, 2025) with *Conway v. City of Detroit*, Case No. 2:25-cv-10517 (E.D. Mich. Feb. 21, 2025).

**IT IS FURTHER ORDERED** that the Clerk of Court must **CLOSE** *Conway v. City of Detroit*, Case No. 2:25-cv-11889 (E.D. Mich. June 19, 2025).

**IT IS FURTHER ORDERED** that the Clerk of Court must **ADD** Eshad Ali as a defendant in the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 21, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 21, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager